O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12/19/28

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | January 20, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

    Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

    Not Present    Not Present

**Proceedings:** **(In Chambers) Order on Motions to Dismiss and for Partial Summary Judgment**

Before this Court are Delta Airlines, Inc.'s motion to dismiss and motion for partial summary judgment, as well as Yahoo!, Inc.'s motion to dismiss. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the motions.

I.    Background

David Greenstein ("Plaintiff") alleges that he purchased a ticket from Delta Airlines, Inc. ("Delta") for a March 4, 2008 flight to Mexico. Plaintiff claims that Delta erroneously collected from him a Mexican ticket tax (the "FM-T" charge) in the amount of $21.01. According to Plaintiff, he is exempt from the FM-T fee because he holds a visa granting him permanent residency status in Mexico. Plaintiff claims that he submitted a request for a refund of this fee along with proof of his exempt status, but a Delta customer service agent denied his refund request, erroneously stating that only Mexican citizens were exempt from the FM-T visa charge.

Plaintiff filed this suit on September 25, 2008 against Delta, Yahoo!, Inc. ("Yahoo"), and other defendants. Delta now moves (1) to dismiss Plaintiff's Racketeer Influenced and Corrupt Organizations Act ("RICO") allegations for failure to state a claim and (2) for summary judgment on Plaintiff's breach of contract claim. Yahoo, which is not a party to the breach of contract claim, moves to dismiss Plaintiff's RICO claim.

II.    Legal Standard

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12/19/28

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | January 20, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

    A.    <u>Motion to Dismiss</u>

    Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

    In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Furthermore, when a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints."). In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

    B.    <u>Summary Judgment</u>

    Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257. A non-moving party who bears the burden of proving at trial an element

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12/19/28

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | January 20, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51.

III. Discussion

    A. Motions to Dismiss RICO Claim

Plaintiff's third cause of action alleges that Delta is a "RICO enterprise" that conspired with other defendants to defraud "members of the flying public."[1] Plaintiff claims that the defendants engaged in mail and wire fraud by communicating to Plaintiff that he was required to pay the FM-T visa fee when in fact he was exempt from the fee and by attempting to prevent Plaintiff from obtaining a refund.

RICO makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The term "racketeering activity" includes a number of so-called "predicate acts," including mail and wire fraud. *See* 18 U.S.C. § 1961(1). To establish the predicate acts of mail and wire fraud, a plaintiff must show a scheme to defraud, involving use of the U.S. wires or mail, with the specific intent to defraud. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399-1400 (9th Cir. 1986).

Here, Plaintiff alleges that Delta, using interstate phone lines and mail, (1) charges all passengers traveling to Mexico an FM-T visa fee, when it knows certain passengers to be exempt from such fee; (2) represents to passengers that the charge is for payment to the Mexican government, (3) keeps the money for itself, and (4) refuses to refund the money to exempt passengers. *Compl.* ¶¶ 42, 48. The Court finds that these allegations are insufficient to state a RICO claim against Delta for at least two alternative reasons.

---

[1] The heading for Plaintiff's third cause of action states that his RICO claim is against "all defendants other than Delta, Inc. and Mary E. Peters." However, Plaintiff alleges wrongful conduct on the part of Delta thereunder. Therefore, in light of the liberal pleading standards imposed on *pro se* plaintiffs, the Court assumes that the heading was in error and that Plaintiff intended to assert his RICO claims against Delta in addition to the other defendants.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12/19/28

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | January 20, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

First, Plaintiff has failed to allege that Delta engaged in a scheme to defraud with the specific intent to defraud. As Delta correctly points out, the Complaint itself makes clear that Delta does not intend to charge the FM-T visa tax to those passengers who are exempt and then retain those funds. According to the Complaint, Delta's international contract of carriage provides that Delta will refund taxes, fees, or charges collected from international passengers "where such taxes were collected in error and the passenger submits evidence of exemption from the tax, fee, or charge to Delta in connection with a timely refund request." *Compl*. ¶ 34. Thus, Plaintiff has not alleged that Delta acted with the intent to defraud. In other words, Plaintiff does not claim that Delta collected the FM-T visa fee from exempt passengers, misrepresenting that the fee would be paid to the Mexican government while intending to keep the funds for itself. On the contrary, the Complaint alleges that Delta, per its contract of carriage, offers refunds to customers who subsequently show that they are exempt from such fees. Thus, as currently pled, Delta's wrongful conduct in allegedly failing to refund Plaintiff's money constitutes not mail or wire fraud, but rather a breach of contract.

Furthermore, Plaintiff's RICO allegations fail to meet the heightened pleading standards imposed by Fed. R. Civ. P. 9(b). "Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). Therefore, "the pleader must state the time, place, and specific content of the false misrepresentations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (internal citation omitted). Further, the plaintiff must set forth more than neutral facts necessary to identify the transaction; he must explain why the statement complained of was false or misleading. *In re GlenFed, Inc. Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded by statute on other grounds). In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 541 (9th Cir. 1989). Although the complaint need not identify false statements made by each and every individual, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to . . . inform each defendant separately of the allegations surrounding his alleged participation in the fraud."

In the instant case, Plaintiff has failed to identify the time, place, and specific content of Delta's alleged misrepresentations constituting mail and/or wire fraud. Plaintiff merely alleges that "Defendants communicated with Plaintiff and the other victims both by means of the mail and in telephone calls that not only advised him the money taken was due from him even though

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12/19/28

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | January 20, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

they knew it was not, but that they would not return it to him after he established his exempt status." *Compl.* ¶ 55. Plaintiff has failed to identify a particular misrepresentation made by Delta and when it was made. Moreover, particularly in light of Delta's stated policy of refunding fees charged to exempt passengers, Plaintiff has failed to explain how Delta's statements regarding the FM-T visa fee were false or misleading. As the Court stated above, if Delta failed to issue a refund upon the submission of a valid request, its conduct, as currently pled, would constitute a breach of contract, not mail or wire fraud.

Similarly, the Court finds that Plaintiff has failed to state a RICO claim against Yahoo because Plaintiff has not pled any facts specifically attributing wrongful conduct to Yahoo. Plaintiff has not, for instance, alleged how Yahoo participated in collecting the FM-T fee or in making misrepresentations to Delta passengers. Plaintiff has not identified a single fraudulent communication by Yahoo, much less specified the time, place, and specific conduct of the fraud. Even with the benefit of liberal construction afforded *pro se* plaintiffs, the Complaint's conclusory allegations do not satisfy Fed. R. Civ. P. (8)(a) or (9)b.

Therefore, the RICO claims against Delta and Yahoo must be dismissed.

B.  Partial Summary Judgment

Delta also moves for summary judgment on Plaintiff's breach of contract claim. Delta maintains that there are no genuine issues of material fact for trial because the only damages Plaintiff seeks for the breach of contract is a refund of the FM-T visa fee in the amount of $20.01, and Delta tendered a full refund to Plaintiff before he filed this Complaint.

Under California law, a party's tender of performance under a contract extinguishes the party's obligation to perform. *See* Cal. Civ. Code § 1485; *Still v. Plaza Marina Commercial Corp.*, 21 Cal. App. 3d 378, 385, 98 Cal. Rptr. 414 (1971). Further, a delay in tender does not constitute a breach unless the contract specifies that time is of the essence. *See Bisno v. Sax*, 175 Cal. App. 2d 714, 721 (1959). Here, the undisputed evidence shows that Delta sent Plaintiff a check in the amount of $21.01 on two different occasions. Plaintiff has submitted evidence showing that he never received the first check and that it was returned to counsel as incorrectly addressed. *See Greenstein Decl.* ¶ 2; Ex. A ¶ 7. However, as Plaintiff admits, the second check

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#11/12/19/28**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | January 20, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

was sent to Plaintiff's address of record in Woodland Hills, California.[2] *See Atkins-Pattenson Decl.* Ex. C; *Greenstein Decl.* ¶¶ 1, 8. However, Plaintiff states that he asked Delta's counsel not to send anything to his California address, because he resides in Mexico and his ex-wife, who resides at the Woodland Hills address, would be unwilling to sign for any mail.[3] *Greenstein Decl.* ¶ 1.

Under Cal. Civ. Code § 1489, when a contract does not expressly provide otherwise, an offer of performance may be made:

  2. Wherever the person to whom the offer ought to be made can be found; or,

  3. If such person cannot, with reasonable diligence, be found within this State, and within a reasonable distance from his residence or place of business, or if he evades the debtor, then at his residence or place of business, if the same can, with reasonable diligence, be found within the State; or,

  4. If this cannot be done, then at any place within this State.

Here, Plaintiff has not alleged that the contract expressly named the place for tender. Further, Plaintiff stated in his declaration that he resides "most of the time" in Mexico. *Greenstein Decl.* ¶ 1. Therefore, since Plaintiff cannot be found in this state by his own admission, delivery of the check to Plaintiff's address of record in California discharged Delta's alleged obligation to refund Plaintiff's money. *See Stein v. Leeman*, 161 Cal. 502, 509 (1911). Accordingly, no genuine issue of material fact remains for trial on the breach of contract claim.

Therefore, Delta's motion for summary judgment on Plaintiff's breach of contract claim is GRANTED.

---

[2] Indeed, this is the address Plaintiff listed on the papers he has submitted to the Court. Local Rule 11-3.8 requires *pro se* parties to include their residence address on all documents.

[3] Delta points out, and Plaintiff does not dispute, that Plaintiff has not provided Delta with an alternate address where the check may be sent.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#11/12/19/28**

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | January 20, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

IV.     Conclusion

      For the foregoing reasons, Yahoo and Delta's motions to dismiss the RICO claim are GRANTED, with leave to amend.  Delta's motion for summary judgment on Plaintiff's breach of contract claim is GRANTED.  Plaintiff may file an amended complaint by **February 13, 2009.**  If Plaintiff fails to file an amended complaint within the deadline, the action will be dismissed with prejudice as to defendants Delta and Yahoo.

      **IT IS SO ORDERED.**