O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### JS-6
### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers) Order Granting Motion to Dismiss**

Before the Court is Mary E. Peters and the U.S. Department of Transportation's motion to dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the motion.

I.     Background

David Greenstein ("Plaintiff") purchased a ticket from Delta Airlines, Inc. ("Delta") for a March 4, 2008 flight to Mexico. Plaintiff claims that Delta erroneously collected from him a Mexican ticket tax (the "FM-T" charge) in the amount of $21.01. According to Plaintiff, he is exempt from the FM-T fee because he holds a visa granting him permanent residency status in Mexico. Plaintiff alleges that he submitted a request for a refund of this fee along with proof of his exempt status, but a Delta customer service agent denied his refund request, erroneously stating that only Mexican citizens were exempt from the FM-T visa charge.

On September 25, 2008, Plaintiff filed this suit against Mary E. Peters in her official capacity as the U.S. Secretary of Transportation, the U.S. Department of Transportation ("DOT"), Delta, and other defendants. Following the Court's dismissal of Plaintiff's RICO claims against Delta and Yahoo!, Inc., Plaintiff filed his First Amended Complaint ("FAC") on February 2, 2009. Peters and DOT now move to dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim.

II.     Legal Standard

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## JS-6
## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

A.     <u>Lack of Subject Matter Jurisdiction</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") provides for dismissal of a claim if the Court lacks subject matter jurisdiction.  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995).   When a claim does not arise under any federal law, it does not pose a federal question under 28 U.S.C. § 1331.  *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

B.     <u>Failure to State a Claim</u>

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level.  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Courts must also construe all reasonable inferences in the light most favorable to the plaintiff.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  Furthermore, when a plaintiff proceeds *pro se*, the Court must liberally construe the complaint.  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.     <u>Discussion</u>

A.     <u>Failure to State a Claim Under § 41712 of the ADA</u>

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### JS-6
### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

As set forth in his FAC, Plaintiff is suing DOT "based on its failure to comply with the mandate of its purpose to protect the flying public from many things, including false, misleading and deceptive practices of airlines. . . . To date, despite knowledge of the criminal actions of DELTA as described herein, DOT has neither investigated nor taken any action against DELTA . . . ." Peters and DOT argue that the FAC should be dismissed for failure to state a claim because there is no private right of action under the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41712, to compel the Secretary of Transportation to investigate Delta's allegedly false and deceptive business practices.

49 U.S.C. § 41712(a) provides:

> On the initiative of the Secretary of Transportation or the complaint of an air carrier, foreign air carrier, or ticket agent, and if the Secretary considers it is in the public interest, the Secretary may investigate and decide whether an air carrier, foreign air carrier, or ticket agent has been or is engaged in an unfair or deceptive practice or an unfair method of competition in air transportation or the sale of air transportation. If the Secretary, after notice and an opportunity for a hearing, finds that an air carrier, foreign air carrier, or ticket agent is engaged in an unfair or deceptive practice or unfair method of competition, the Secretary shall order the air carrier, foreign air carrier, or ticket agent to stop the practice or method.

In *Nader v. Allegheny Airlines, Inc.*, the Supreme Court held that private consumers were not entitled to even initiate proceedings under § 41712's predecessor statute, § 411 of the Federal Aviation Act of 1958, 49 U.S.C. §1381. *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 302, 96 S. Ct. 1978, 48 L. Ed. 2d 643 (1976). The Court stated that the Civil Aeronautics Board, which was charged with investigating unfair or deceptive practices by airlines, "may not employ its powers to vindicate private rights." *Id.* (citation omitted). In the instant case, Plaintiff agrees that he has no private right of action to compel DOT to investigate his complaint against Delta. *Opp.* 2:21-25. Based on the foregoing, the Court finds that Plaintiff has no actionable claim under § 41712.

### B.    Writ of Mandamus

Plaintiff's FAC asks the Court to "direct" Peters to investigate Delta's allegedly deceptive practices. Construing this as an application for writ of mandamus, Peters and DOT argue that the Court lacks jurisdiction to grant Plaintiff's request because Plaintiff has no clear right to

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### JS-6
### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | March 10, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

immediate adjudication, and DOT has no clear duty to provide it.

28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel and officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "Mandamus is an extraordinary remedy." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A court may issue a writ of mandamus only when (1) the plaintiff's claim is "clear and certain," (2) the defendant's duty to act is ministerial and "so plainly prescribed as to be free from doubt," and (3) no other adequate remedy is available. *Id.* (citation omitted). Accordingly, mandamus will not lie when an official's duty is discretionary, rather than ministerial, unless "statutory or regulatory standards delimiting the scope of manner in which such discretion can be exercised" have been ignored or violated. *Id.* at 1376 (citation omitted).

In the instant case, the authority of the Secretary of Transportation to investigate an airline's allegedly deceptive practices is clearly discretionary. Section 41712 provides that *if* the Secretary considers it is in the public interest, she "*may* investigate and decide whether an air carrier, foreign air carrier, or ticket agent has been or is engaged in an unfair or deceptive practice." 49 U.S.C. § 41712(a). Under the plain language of the statute, there is no mandatory duty to investigate every purportedly wrongful practice by an airline. *See Barron*, 13 F.3d at 1375 (denying mandamus where relevant statute stated that the Secretary of Labor "*may* bring action against employer"). Furthermore, there is no clear standard limiting the Secretary's discretion in § 41712 , nor has Plaintiff pointed to any standard which Peters has violated. *See id.* at 1376. Because Congress has imposed no ministerial duty on Peters or DOT, mandamus cannot issue. *Id.*

### IV.    Conclusion

For the foregoing reasons, the motion to dismiss is granted. Dismissal is with prejudice, as the defects of Plaintiff's FAC are not curable.


**IT IS SO ORDERED.**