O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#48**
**3/23/09 hrg off cal**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | March 16, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:     (In Chambers) Order Granting Delta's Motion to Dismiss the First Amended Complaint**

Before this Court is Delta's motion to dismiss the First Amended Complaint.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby GRANTS the motion.

I.     Background

David Greenstein ("Plaintiff") purchased a ticket from Delta Airlines, Inc. ("Delta") for a March 4, 2008 flight to Mexico.  Plaintiff claims that Delta erroneously collected from him a Mexican ticket tax (the "FM-T" charge) in the amount of $21.01.  According to Plaintiff, he is exempt from the FM-T fee because he holds a visa granting him permanent residency status in Mexico.  Plaintiff alleges that he submitted a request for a refund of this fee along with proof of his exempt status, but a Delta customer service agent denied his refund request, erroneously stating that only Mexican citizens were exempt from the FM-T charge.

On September 25, 2008, Plaintiff filed this suit against Mary E. Peters in her official capacity as the U.S. Secretary of Transportation, the Department of Transportation, Delta, Yahoo!, Inc. ("Yahoo"), Expedia, Inc. ("Expedia"), and a number of Delta employees and current and former Delta board members.  Following the Court's dismissal of Plaintiff's Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against Delta and Yahoo, Plaintiff filed his First Amended Complaint ("FAC") on February 2, 2009.  Delta now moves to dismiss the FAC for failure to state a claim.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#48**
**3/23/09 hrg off cal**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | March 16, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

II.     Legal Standard

        Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level.  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

        In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true.  *Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Courts must also construe all reasonable inferences in the light most favorable to the plaintiff.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  Furthermore, when a plaintiff proceeds *pro se*, the Court must liberally construe the complaint.  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.    Discussion

        Plaintiff alleges that Delta is a "RICO enterprise" that conspired with other defendants to defraud "members of the flying public."  Delta argues that Plaintiff's RICO cause of action should be dismissed for failure to state a claim because Plaintiff: (1) failed to plead the existence of a RICO "enterprise"; (2) lacks standing; (3) failed to allege any  "racketeering activity"; and (4) cannot dress up a breach of contract claim as a RICO violation.

        RICO makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."  18 U.S.C. §

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#48**
**3/23/09 hrg off cal**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | March 16, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

1962(c).  To state a cause of action under RICO, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property.  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  The term "racketeering activity" includes a number of so-called "predicate acts," including mail and wire fraud.  *See* 18 U.S.C. § 1961(1).  To establish the predicate acts of mail and wire fraud, a plaintiff must show a scheme to defraud, involving use of the U.S. wires or mail, with the specific intent to defraud.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399-1400 (9th Cir. 1986).

First, Delta contends that the FAC should be dismissed because Plaintiff has failed to adequately plead the existence of an "enterprise," a necessary element of a RICO claim.  "To establish liability under § 1962(c), a plaintiff must allege and prove the existence of two distinct entities: (1) a 'person,' and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name."  *Living Designs*, 431 F.3d at 361 (citing *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 121 S. Ct. 2087, 150 L. Ed. 3d 198 (2001)).

In the instant case, Plaintiff's FAC states that "Delta, Inc. is the RICO enterprise complained of in this Cause of Action."  *FAC* ¶ 33.  The individuals named in the FAC who allegedly participated in the predicate activities are Delta's own employees and board members.  An "enterprise" consisting only of a corporation and its employees acting on its behalf fails for lack of distinctiveness because the person (the corporate entity) and the "enterprise" are one and the same.  *Living Designs*, 431 F.3d at 361; *Riverwoods Chappaqua Corp. v. Marine Midland Bank*, N.A., 30 F.3d 339, 334 (2d Cir. 1994).  Otherwise, RICO would encompass every fraud case against a corporation, a "far-fetched" result.  *Fitzgerald. v. Chrysler Corp.*, 116 F.3d 225, 226 (7th Cir. 1997).  Thus, Plaintiff has not pled the existence of an "enterprise" that is distinct from the "person," or corporate entity, Delta.

Yahoo and Expedia are also named as defendants in the FAC, although Plaintiff has included no charging allegations against either defendant.  To show that a group of defendants "associated in fact" constitute a RICO "enterprise," a plaintiff must allege and prove that the defendants: (1) associated for a "common purpose"; (2) formed an "ongoing organization" that was "a vehicle for the commission of two or more predicate crimes"; and (3) functioned as a "continuing unit."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007).

Plaintiff has not pled the existence of a common purpose shared by Delta, Expedia, and Yahoo.  *See Odom*, 486 F.3d at 552.  Additionally, Plaintiff has failed to allege that these

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#48**
**3/23/09 hrg off cal**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | | Date | March 16, 2009 |
|---|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | | |

defendants formed a vehicle for the commission of at least two predicate acts of mail and/or wire fraud. *See id.* The FAC contains no allegations that Yahoo and Expedia engaged in any predicate acts, much less that the nature of their activities indicated coordination with Delta or otherwise suggested the existence of "an ongoing organization." *See id.* Plaintiff has not claimed that Yahoo or Expedia participated in collecting the FM-T fee or in making misrepresentations to Delta passengers. Accordingly, Plaintiff has not sufficiently alleged that Delta, Yahoo, and Expedia constituted an associated-in-fact enterprise.

For the foregoing reasons, the Court finds that Plaintiff has failed to adequately plead the existence of a RICO enterprise. This finding alone is sufficient to dispose of Plaintiff's RICO claim. However, the Court will reach Delta's other arguments, since they reveal additional defects in the FAC.

As an alternative basis for dismissal, Delta contends that Plaintiff lacks standing to assert a RICO claim because he cannot establish that the purported predicate acts caused Plaintiff's injury. A RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3292, 87 L. Ed. 2d 346 (1985). Thus, a plaintiff must show that the defendants' alleged misconduct was the cause-in-fact and the proximate cause of his injury. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 664 (9th Cir. 2004). In RICO cases predicated on mail or wire fraud, "reliance may be a milepost on the road to causation." *Id.* (citation omitted). However, the Supreme Court has cautioned that reliance itself is not an element of the cause of action. *See Bridge v. Phoenix Bond & Indem. Co.*, – U.S. –, 128 S. Ct. 2131, 2144, 170 L. Ed. 2d 1012 (2008).

In the instant case, Plaintiff must show that Delta's alleged misrepresentations about the FM-T charge caused his injury. Although Plaintiff does not clearly allege what injury he suffered, it appears to be the $20.01 fee Delta wrongfully collected from Plaintiff. Accordingly, Plaintiff must allege that Delta's conduct affected his decision to purchase a ticket to Mexico from Delta, causing him to incur the charge. *See Poulos*, 379 F.3d at 665. This he has failed to do.

Delta contends that Plaintiff could never show such a causal link because facts alleged in the FAC establish that prior to his March 4, 2008 flight to Mexico, Plaintiff already knew, based on a 2006 ticket purchase from Delta, that he was exempt from the FM-T visa charge and that Delta would collect the fee as part of the ticket price anyway. *See FAC* ¶¶ 17-21. According to

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#48**
**3/23/09 hrg off cal**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | March 16, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

Delta, Plaintiff's awareness of his exempt status and his right to a refund of the wrongfully collected fee precluded Plaintiff from relying on Delta's misrepresentations when he purchased the ticket for March 4, 2008. However, at this stage in the proceedings, the Court cannot conclude, as a matter of law, that Plaintiff could prove no set of facts establishing causation. For example, Plaintiff may have believed that Delta had implemented new refund procedures or eliminated the FM-T charge by the time he purchased his ticket for the March 4, 2008 flight, based on Delta's alleged promise to Plaintiff in 2006 to consider changing its practices surrounding the fee. *See FAC* ¶ 20. Furthermore, the reasonableness of a party's reliance is ordinarily a question for the jury. *See Honolulu Disposal Serv. v. Am. Benefit Plan Adm'rs*, Inc., 433 F. Supp. 2d 1181, 1190 (D. Haw. 2006); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 17 (1st Cir. 2004).

In sum, the current allegations are insufficient because Plaintiff has alleged no causal link between Delta's misrepresentations and his decision to purchase a ticket for travel to Mexico from Delta. Accordingly, as currently pled, Plaintiff lacks standing under RICO.

As another basis for dismissal, Delta argues that Plaintiff has failed to adequately allege the predicate acts of mail and/or wire fraud and has not met the heightened pleading standards of Federal Rule of Civil Procedure 9(b). "Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims." *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)). Therefore, "the pleader must state the time, place, and specific content of the false misrepresentations as well as the identities of the parties to the misrepresentation." *Odom*, 486 F.3d at 553 (internal citation omitted). In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 541 (9th Cir. 1989). Although the complaint need not identify false statements made by each and every individual, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to . . . inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation omitted); *see also Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (fraud claim will withstand Rule 9(b)(6) challenge only if it states facts that support an inference of fraud by each defendant).

The Court previously dismissed Plaintiff's complaint because (1) it lacked any allegations

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#48**
**3/23/09 hrg off cal**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | March 16, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

that Delta engaged in a scheme to defraud with the specific intent to defraud and (2) it did not satisfy Rule (9)(b).  Plaintiff's FAC includes the following new allegations:

> The representation that was false was where Delta says it will collect: "Taxes and fees: airport charges, segment fees, the September 11 Security Fee, *international taxes and fees*, and certain carrier-imposed surcharges on international itineraries."  The reasonable implication from said representation is that money collected from passengers for an FM-T visa is required by the Mexican government and will be paid by defendants/Delta to the Mexican government.

> Said representation above was made by Delta, at the direction and control of the remaining defendants on the internet web site for Delta (www.delta.com);

> The parties to said representation were Delta and plaintiff.

> The representations were made to plaintiff on or about latter April, 2008, at the time he purchased said ticket as set out in this complaint.

> This statement is false and misleading in at least two respects: (1) They lead a customer purchasing a ticket to Mexico to believe they are being charged in the ticket price, money that they owe to the Mexican government for "something," and (2) That the money taken by Delta in line with #1 foregoing, will be paid to the Mexican government on their behalf, and 3) the customer believes he/she will get a benefit from the Mexican Government for the money paid to it by Delta when in fact he/she gets nothing.

*FAC* ¶ 48(a)-(e).  The Court finds these allegations sufficient to satisfy Rule(9)(b)'s specificity requirement.  Plaintiff has adequately identified the place and time of Delta's alleged misrepresentations.  *See Continental Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059, 1068-69 (E.D. Cal. 2006) (allegations that misrepresentations were made between March and May 2005 satisfied Rule (9)(b)).  Plaintiff has also sufficiently alleged the content of the misleading statements.  Construing the FAC liberally, as the Court must do in light of Plaintiff's *pro se* status, the reasonable implication from Delta's statement that it collects international

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#48**
**3/23/09 hrg off cal**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | March 16, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

taxes and fees from customers as part of the ticket price is that those taxes are collected for legitimate government purposes.  This statement is false and misleading if, as Plaintiff alleges, Delta keeps the money for itself rather than paying it to the Mexican government in the case of individuals, like Plaintiff, who are exempt from such fees.  Plaintiff has also sufficiently alleged a "pattern" of racketeering activity by pointing to misrepresentations Delta made on a second occasion to another exempt passenger.  *See FAC* ¶¶ 51(i)-(ix).

Further, while Plaintiff's original complaint did not adequately allege an intent to defraud on Delta's part, Plaintiff has cured this defect as well.  The FAC alleges that Delta knows that many of its passengers are exempt from the FM-T fee but charges them anyway and does not attempt to alert them to their exempt status or their entitlement to a refund.  *FAC* ¶ 51(xi).  Delta allegedly obscures its professed refund policy by burying it in a lengthy contract that is not easily found on its website. *FAC* ¶ 51(xv)(iii).  Furthermore, according to Plaintiff, many exempt passengers will never realize that they are being wrongfully charged for the FM-T visa because Delta designates the charge by the code "UK." *FAC* ¶ 37(b).  Plaintiff also claims that Delta knows that many passengers will never seek refund in the first place and makes it difficult to secure a refund.  *FAC* ¶¶ 51(xv)(iv).  In sum, Plaintiff has adequately alleged that Delta engaged in a scheme to defraud customers by collecting FM-T fees from exempt passengers while representing that the money was for payment to the Mexican government and keeping the money for itself.  This is not, as Delta contends, simply a breach of contract claim dressed up as a RICO violation.

IV.     Conclusion

Because Plaintiff has not adequately alleged the existence of a RICO "enterprise," and because, as currently pled, Plaintiff lacks standing, Delta's motion to dismiss is GRANTED.  Because the Court's analysis is dispositive of Plaintiff's claims against the individual employees, Yahoo, and Expedia as well, the FAC is dismissed in its entirety.  Plaintiff may file a second amended complaint ("SAC") within 21 days of the date of this order.  If Plaintiff does not file a SAC by the deadline, the action will be dismissed with prejudice.

**IT IS SO ORDERED.**