O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 / JS-6**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | April 27, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present                                                    Not Present

**Proceedings:**     **(In Chambers) Motion Denying Delta's Request for Sanctions**

Before the Court is Delta's motion for sanctions. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

I.     Background

David Greenstein ("Plaintiff") initiated this litigation by filing suit against Mary E. Peters in her official capacity as the U.S. Secretary of Transportation ("Peters"), the Department of Transportation ("DOT"), Delta Airlines, Inc. ("Delta"), Yahoo!, Inc. ("Yahoo"), Expedia, Inc., and a number of Delta employees and current and former Delta board members. Plaintiff alleged that Delta erroneously collected from him a Mexican ticket tax (the "FM-T" charge) in the amount of $21.01 when he purchased a ticket for a March 4, 2008 flight to Mexico. According to Plaintiff, he is exempt from the FM-T fee because he holds a visa granting him permanent residency status in Mexico. Plaintiff claimed that he submitted a request for a refund of this fee along with proof of his exempt status, but a Delta customer service agent denied his request, erroneously stating that only Mexican citizens were exempt from the FM-T charge. The complaint alleged, *inter alia*, causes of action for breach of contract and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

On January 20, 2009, the Court granted Delta and Yahoo's motions to dismiss Plaintiff's RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also granted partial summary judgment for Delta on Plaintiff's breach of contract claim. On February 2, 2009, Plaintiff filed his First Amended Complaint ("FAC"). The Court subsequently granted

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#55 / JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | April 27, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

Peters and DOT's motion to dismiss the FAC with prejudice. On Delta's motion, the Court dismissed the claims against the remaining Defendants on March 16, 2009. The Court's Order permitted Plaintiff to file a second amended complaint within 21 days. Plaintiff did not file an amended pleading within the deadline. Accordingly, the case was dismissed with prejudice on April 16, 2009.

Delta now moves for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11, arguing that Plaintiff's FAC was filed for the improper purpose of harassing Delta. Delta also requests that the Court enter an injunction preventing Plaintiff from filing any action against Delta, its board members, or employees stemming from Delta's collection of the FM-T fee without prior permission of the Court.

II.   Legal Standard

Federal Rule of Civil Procedure 11 provides that by presenting a signed pleading to the court, an attorney or unrepresented party is certifying that to the best of his or her knowledge or belief: (1) the pleading is not being filed for an improper purpose; (2) the claims therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law; and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after further investigation or discovery. Rule 11 "discourages wasteful, costly litigation battles by mandating the imposition of sanctions" when the Rule is violated. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). The Ninth Circuit has instructed that Rule 11 sanctions should be imposed when a filing is "frivolous," meaning that it is "baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

III.   Discussion

   A.   Rule 11 Sanctions

Pro se litigants, like represented parties and attorneys, are subject to Rule 11 sanctions, and their filings are judged by an objective standard. Fed. R. Civ. P. 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989). However, the Court must take into account a plaintiff's pro se status when determining whether to impose sanctions; "what is objectively reasonable for a pro se litigant and for an attorney may not be the same." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#55 / JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6104 PSG (Ex) | Date | April 27, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

In support of its request for sanctions, Delta argues that Plaintiff was made aware of the legal defects in his RICO claim when Delta filed its first motion to dismiss. Delta maintains that Plaintiff blindly repeated the same insufficient allegations in his FAC, thereby forcing a second costly motion to dismiss. As such, Delta contends, Plaintiff's FAC was based on "bad law" and violated Rule 11.

In its Order on Delta's motion to dismiss the FAC, the Court found that Plaintiff had cured several of the defects in his original complaint. For instance, the Court determined that Plaintiff had adequately alleged fraud and satisfied Rule 9(b)'s specificity requirement. However, the Court again dismissed the RICO claim because Plaintiff had failed to establish standing and had not plead the existence of an "enterprise." Plaintiff's repeated failure to satisfy RICO's "distinctiveness" requirement likely stems from his understandable lack of knowledge of this rather complex area of law. Delta has not shown that Plaintiff's FAC, although legally insufficient, was frivolous or objectively unreasonable in light of Plaintiff's pro se status, nor has Delta established that Plaintiff filed the FAC for the purpose of harassing Delta. Accordingly, the Court declines to impose Rule 11 sanctions.

  B. <u>Pre-Filing Order</u>

In addition to monetary sanctions, Delta seeks an injunction preventing Plaintiff from filing any papers or additional lawsuits against Delta, its board members, or employees arising out of Delta's collection of the FM-T fee without prior approval of the Court. According to Delta, Plaintiff began his campaign of harassment more than two years ago by filing a state court action in September 2006 alleging that Delta had improperly collected the FM-T tax from Plaintiff. Delta claims that on that occasion, it had not, in fact, collected the fee from Plaintiff. However, to avoid the expense of litigation, Delta settled the lawsuit by providing Plaintiff with a limited number of free travel vouchers.[1]

On May 12, 2008, Plaintiff again filed suit against Delta in Los Angeles Superior Court, claiming that he had been erroneously denied a refund of the FM-T fee in connection with his purchase of a ticket for March 4, 2008 travel. After Delta filed demurrers, Plaintiff voluntarily dismissed the action. Plaintiff subsequently filed the instant federal lawsuit, which this Court, as

---

[1] Delta speculates that Plaintiff filed his most recent action against Delta in the hope of securing more travel vouchers.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | April 27, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

noted above, recently dismissed with prejudice. Finally, in January 2009, Plaintiff lodged a shareholder derivative action complaint against Delta, again based on allegations that Delta improperly collects the FM-T fee from exempt passengers. On its own initiative, the Court terminated that action on the grounds that Plaintiff could not represent Delta pro se as the nominal defendant. *See* Case No. 09-374 UA.

Although there is a constitutional right of access to the courts, there is no right to prosecute actions that are frivolous or harassing. *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981). Accordingly, "there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citation omitted). However, entry of an injunction preventing a litigant from filing papers without prior Court approval "is an extreme remedy, and should be used only in exigent circumstances." *Id.* The Ninth Circuit has set forth four requirements that must be satisfied in order for a district court to order pre-filing restrictions: (1) the litigant must be given notice and an opportunity to oppose the order; (2) the record must be adequately developed to show that the plaintiff is abusing the judicial system; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the specific vice encountered. *Id.* at 1147-48.

Here, Plaintiff was provided with notice of Delta's motion, including its request for a pre-filing injunction, and had the opportunity to oppose the motion. Thus, the first requirement is met. Next, the Court considers whether Delta has shown that Plaintiff's litigation activities are numerous or abusive. As set forth in more detail above, Plaintiff has brought four actions against Delta—all stemming from Delta's collection of the FM-T fee—in a little over two years. When viewed in the abstract, four lawsuits over the course of twenty-eight months is not an excessive amount of litigation. However, considering the highly duplicative nature of these actions, the Court finds that Plaintiff's filings against Delta are numerous.

Plaintiff's prior history of lawsuits alone is insufficient to justify entry of a pre-filing injunction. If a pro se litigant, like Plaintiff, is to be deprived of the constitutional right of free access to the courts, there must be a finding that the claims are both numerous and "patently without merit," *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007), or that the "claims show a pattern of harassment." *DeLong*, 912 F.2d at 1148. This Court must look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *Id.* (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir.1988)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#55 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | April 27, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

The first of Plaintiff's state court actions settled. That suit was based on Delta's alleged erroneous collection of the FM-T fee from Plaintiff. Delta maintains that it did not actually collect the fee from Plaintiff on the particular occasion at issue. If Delta's factual assertions are true, then Plaintiff's suit lacked a factual basis. Because the parties settled that action, however, the Court is unable to assess the soundness of Plaintiff's claims. Similarly, because there was no disposition on the merits in Plaintiff's second state court lawsuit, the Court cannot determine whether that suit was patently without merit.

After Plaintiff voluntarily dismissed the second state court action, he filed suit for breach of contract and RICO violations in this Court. Because Delta had already sent a refund check to Plaintiff's address of record, thereby discharging its contractual obligations, Plaintiff's breach of contract claim was meritless; this should have been apparent even to an unrepresented party untrained in law. *See* Docket No. 40. However, as discussed above, the Court has not found that Plaintiff's RICO claim was frivolous.

Finally, Plaintiff's most recent filing, a purported shareholder derivative action, was frivolous because such a suit cannot be maintained by a pro se litigant. However, the complaint in that action was never actually filed and served on Delta because the Court terminated the suit on its own initiative.

In sum, these findings are insufficient to justify entry of a pre-filing order based on frivolousness. Delta also contends that Plaintiff's lawsuits constitute a campaign of harassment. A district judge must be careful not to conclude that particular actions filed repetitiously are harassing. *De Long*, 912 F.2d at 1148. Instead, the district judge needs "to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Id*.

Here, Delta's evidence of Plaintiff's litigation history is not sufficient to convince the Court that there is an intent to harass Delta, its board members, or employees. The Court notes that this is a close issue, and if Plaintiff continues in his practice of filing suits arising from collection of the FM-T fee, the Court may be compelled to revisit the issue of whether Plaintiff has demonstrated an intent to harass Delta.

IV.  Conclusion

For the foregoing reasons, Delta's motion for sanctions is DENIED.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#55 / JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6104 PSG (Ex) | Date | April 27, 2009 |
|---|---|---|---|
| Title | David Greenstein v. Mary E. Peters, et al. | | |

IT IS SO ORDERED.